Edward Shkolnikov, Esq., S.B.N. 237116
LAW OFFICES OF EDWARD SHKOLNIKOV, APC
13245 Riverside Dr., Suite 501
Sherman Oaks CA 91423
Phone: 323-655-6005
Fax: 323-655-6030

Attorney for Plaintiff Igor Shabanets & East West Meat Trading LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Igor Shabanets, an individual, East West Meat Trading, LLC, A Nevada Limited Liability Corporation,<br><br>Plaintiff<br>v.<br><br>Karenta, LLC, a Russian Limited Liability Corporation, DMITRY RASKAZOV, an Individual, SERGY BASYLEV, an Individual, ALBERT POPOV, an individual and DOES 1 through 100, inclusive,<br><br>Defendants. | Case Number:<br><br>COMPLAINT FOR:<br><br>1) BREACH OF CONTRACT<br>2) FRAUD – INTENTIONAL MISREPRESENTATION<br>3) FRAUD – NEGLIGENT MISREPRESENTATION<br>4) UNJUST ENRICHMENT<br>5) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>6) NEGLIGENCE PER SE |

Plaintiff, Igor Shabanets & East West Meat Trading, LLC, avers:

## JURISDICTION & VENUE

1. <u>Jurisdiction</u>. This Court jurisdiction over subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a).

2. <u>Venue</u>. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(1) and (3), (c) and § 1400(a).

3. <u>Personal Jurisdiction.</u> Personal Jurisdiction is proper over the Defendants because they purposefully availed themselves of the privilege of doing business in California and the material elements of Defendant's wrongdoing occurred in this State.

## THE PARTIES

3. Plaintiff Igor Shabanets is an individual with his residence located in Beverly Hills, California.

4. East West Meat Trading, LLC, is a Nevada limited liability corporation with its principal place of business located at 9694 Oak Pass Road, Beverly Hills, California 90210. Plaintiff Igor Shabanets is the sole shareholder/owner of East West Meat Trading, LLC. East West Meat Trading, LLC, was created in July 2014. Plaintiff Igor Shabanets and East West Meat Trading, LLC are referred hereinafter collectively as "Plaintiffs."

5. Defendant Karenta, LLC, is a Russian limited liability corporation that distributes meat and food products. Karenta, LLC owns and operates Karenta USA LLC located in Bay Harbor Islands, Florida.

6. Does 1 through 100, inclusive, which are businesses owned or controlled by Karenta, LLC which either directly or indirectly profit from are sued herein under fictitious names because their true identity are unknown to the Plaintiffs. When Plaintiffs ascertains the Does true names and capacities, the Plaintiffs will seek leave to amend this complaint to insert such true names and capacities. The Plaintiffs are informed and believe and on that basis avers that each Doe defendant acted with Defendant Karenta, LLC and is responsible for the harm and damages to Plaintiffs herein. Defendant Karenta, LLC and Doe Defendants are referred to hereinafter collectively as "Karenta."

7. Plaintiffs are informed and believe and on that basis avers that at all times material herein, each of the Defendants was the agent and/or employee of the other Defendants, and, in doing the things herein averred, was acting in the court and scope of such agency and employment.

### THE BUSINESS OF EAST WEST MEAT TRADING, LLC

8. East West Meat Trading, LLC, primary purpose is to trade US meat to Russia, specifically with Karenta, LLC. Plaintiff Igor Shabanets is the sole shareholder/ owner of East West Meat Trading, LLC. East West Meat Trading, LLC, was created in July 2014.

### THE BUSINESS OF KARENTA, LLC

9. Defendant Karenta, LLC, is a meat trading company in Russia. Karenta purchases meat around the world. In the United States, Karenta, LLC trades exclusively with East West Meat Trading, LLC. Igor Shabanets was a shareholder of Karenta, LLC until his removal in February 2015.

### FIRST CAUSE OF ACTION

#### (Breach of Contract)

10. Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 9, inclusive of this complaint as if set forth fully herein.

11. On or about March 11, 2013, Karenta entered into a written agreement with Decurrere B.V. (the Netherlands) to borrow three hundred million rubles (approximately $10 million). Repayment was due in 2200 days at a 15% interest rate. (See *Exhibit* "A.")

12. On or about February 9, 2015, Karenta assigned the loan to East West Meat Trading, LLC. East West Meat Trading, LLC, paid Decurrere in full to save

3

COMPLAINT

the 15% interest rate. Karenta in turn was to pay back East West Meat Trading, LLC.

13. On February 12, 2015 through February 27, 2015, Karenta, LLC paid six payments to East West Meat Trading, LLC totaling $1,225,092.26.

14. Shortly after February 27, 2015 Karenta, LLC terminated Plaintiff Igor Shabanets as a director and soon stopped making payments to East West Meat Trading, LLC.

15. Plaintiff has performed all conditions, convenants, and promises required on his part to be performed.

16. On or about May 19, 2015, plaintiffs requested that defendant perform their obligations under the contract. Karenta refused or failed to reply.

17. On or about February 27, 2015, Karenta breached the contract by refusing / failing to pay the outstanding balance.

18. As a result of Karenta's breach of the contract Plaintiffs have to its damage in the sum of $8,752,038,18.

## SECOND CAUSE OF ACTION

### (Fraud – Intentional Misrepresentation)

19. Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 18, inclusive of this complaint as if set forth fully herein.

20. The Plaintiffs are informed and believe and thereon alleges that at all times mentioned defendants DMITRY RASKAZOV, SERGY BASYLEV, and ALBERT POPOV who made the representations herein alleged, are the agents, directors, employees and/or officers of Karenta LLC, and at the time of the making of the representations herein alleged and at all times herein mentioned was acting

within the course and scope of his/her employment and authority for Defendant Karenta, LLC.

21. On or about December 2014, Dimitry Raskazov, Sergy Basylev and Albert Popov, made the following representations to the plaintiff: asked for Plaintiffs to have assigned loan to them so that Karenta would not have to pay interest, thus maximizing Igor Shabanets return on his investment in Karenta. In return, Karenta would pay back Plaintiffs in a short period of time.

22. The representations made by Karenta were in fact false. The true facts were that Karenta never did intend to pay back the debt in full and that Karenta was going to dispose of Igor Shabanets as a shareholder soon after the assignment was complete.

23. When Karenta made these representations, they knew them to be false and made these representations with the intention to deceive and defraud the Plaintiffs and to induce the Plaintiffs to act in reliance of the on these representations in the manner hereafter alleged, or with the expectation that the Plaintiffs would so act.

24. The Plaintiffs at the time these representations were made by Karenta and at the time the Plaintiffs took action herein alleged, were ignorant of the falsity of the defendant's representations and believed them to be true. In reliance of these representations, the Plaintiffs were induced to and did take assignment of the loan. Had the Plaintiffs known the actual facts, they would not have taken such action. The Plaintiffs reliance on the Karenta's representation were justified because it would mean a greater return on Igor Shabanets investment in Karenta, LLC.

25. As a proximate cause result of the fraudulent conduct of the defendants as herein alleged, the Plaintiffs were stuck with a loss of approximately $10,000,000 from the payment to the lender, was induced to expend hundreds of

hours in his/her time, energy, legal fees, in an attempt to collect the payments owed to them, by reason in which the Plaintiffs have been damaged in the sum of $10,000,000.

26. The defendants failed to abide by their promise to pay Plaintiffs and in February 2015, wrongfully terminated Igor Shabanets as a shareholder of Karenta, LLC, without purchasing his shares or paying a dividend or for his services.

27. The aforementioned conduct of the defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendants with the intention on the part of the defendants of thereby depriving the Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiffs to a cruel and unjust hardship in conscious disregard for the Plaintiffs rights, so as to justify an award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION
### (Fraud – Negligent Misrepresentation)

28. Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 27, inclusive of this complaint as if set forth fully herein.

29. When defendant made these representations, he had no reasonable ground for believing them to be true in that: he already made a statement that it would cost him only $10,000.00 us dollars to eliminate plaintiff and plaintiff's family instead of repaying the loan.

30. The defendant made these representations with the intention of inducing the plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that plaintiff would so act.

///

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

31. Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 30, inclusive of this complaint as if set forth fully herein.

32. Plaintiffs conferred upon defendants an economic benefit, in the nature of profits resulting from the assignment of the loan to eliminate the 15% interest rate.

33. Defendants financial benefits resulting from their unlawful and inequitable conduct are economically traceable to profits of Karenta, LLC.

34. The economic benefit of no interest and unlawful profits derived by defendants is a direct and proximate result of defendant's unlawful practices.

35. It would be inequitable and unjust for defendants to be permitted to retain any of the unlawful proceeds resulting from their direct fraudulent, illegal and inequitable conduct.

## FIFTH CAUSE OF ACTION

### (Breach of Covenant of Good Faith & Fair Dealing)

36. Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 35, inclusive of this complaint as if set forth fully herein.

37. Karenta owed Plaintiffs a duty of good faith and fair dealing, by virtue of Plaintiff's relationship with them.

38. Karenta breached this duty and abused any discretion it may have had by, among other things: 1) refusing and or failing to make payments; 2) by terminating shareholder Igor Shabanets from Karenta, LLC; 3) by intimidating Igor Shabanets through criminal threats.

39. Karenta willfully engaged in the foregoing conduct in bad faith, for the purpose of gaining unwarranted contractual and legal advantages; and unfairly and unconscionably minimizing revenue from Plaintiffs. The practices are not authorized by contract, were not within Karenta's discretion under the contract and were outside the reasonable expectations of the Plaintiffs.

40. The foregoing conduct was willful and not the results of mistake or inadvertence. As set forth above, Karenta systematically and pervasively eliminated their debt by defrauding the Plaintiffs.

41. As a direct result of Karenta's breach of the implied covenant of good faith and fair dealing, Plaintiffs have been injured and have suffered actual damages and monetary losses.

42. Plaintiffs are entitled to recover their damages and other appropriate relief for the foregoing breaches of the implied covenant of good faith and fair dealing.

## SIXTH CAUSE OF ACTION

### (Negligence Per Se – Criminal Threats)

43. Plaintiffs allege and incorporate herein by reference, each and every allegation contained in paragraphs 1 through 42, inclusive of this complaint as if set forth fully herein.

44. DMITRY RASKAZOV while at the home of Igor Shabanets, willfully threatened to unlawfully kill Igor Shabanets because spending $10,000 for a hit man would be far less than to pay off the $10,000,000 that Karenta owed to Plaintiffs.

45. Dmitry Raskazov made the threat orally to Michael Pisnoy who relayed the message to Igor Shabanets. Michael Pisnoy took the threat seriously and contacted his employer Igor Shabanets immediately.

46. Igor Shabanets and his family did not return home that day and stayed at another location due to the immediate danger.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff's prays judgment against defendants as follows:

1. For compensatory damages in the amount of $8,752,038.18 as to each plaintiff according to proof at trial;
2. For interest on the sum of $8,752,038.18 from and after February 27, 2015;
3. For general damages of $2,225,092;
4. For exemplary or punitive damages;

5. For plaintiff's cost of suit herein incurred;
6. For interest accruing at the legal rate;
7. For reasonable attorney fees, and;
8. For such other relief as the court may deem just and proper.

Dated: April 20, 2016

Respectfully Submitted,

_____
Edward Shkolnikov, Esq.
For Plaintiff

# DECLARATION OF IGOR SHABANETS

I, Igor Shabanets, declare as follows:

1. I am over the age of eighteen and the Plaintiff in this action. The following facts are of my own personal knowledge and if called upon to do so as a witness, I could and would testify to the truth of the mattes stated herein.

2. On or about December 15, 2014, Defendant Dmitry Raskazov on behalf Karenta, LLC, a Russian Limited Liability Corporation and other shareholders Sergey Basylev, and Albert Popov visited me and stayed at my house house, located at 9694 Oak Pass Road. Beverly Hills, CA 90210-1232, for several days.

3. Purpose of that visit was to discuss the repayment plan by Karenta LLC., of a loan in the amount of approximately Ten Million US Dollars. That Karenta LLC., owned to East West Meat Trading LLC., US Corporation, thus to me because I am a sole owner and a shareholder in East West Meat Treading LLC.

4. On or about December 15, 2014. Dmitry Raskazov and my employee Michael Pisnoy were at my house located at 9694 Oak Pass Road, Beverly Hills, CA 90210. My family and I were out of town.

5. Michael Pisnoy contacted me via telephone, he was frightened and his voice was low. Mr. Pisnoy informed me that Dmitry Raskazov made a direct threat to kill me and my family in order not to repay the loan that was owed to me.

6. I was in fear for life my family and my, I did not return home that day and went to Glendale Police Department to report this incident.

7

7. Mr. Raskazov left my house following day and I was able to return home safely.

I declare under penalty of perjury, under the Laws of the State of California that the foregoing is true and correct.

DATED: 06/23/2015

Igor Shabanets.

///
///

# DECLARATION OF MICHAEL PISNOY

I, Michael Pisnoy, declare as follows:

1. I am over the age of eighteen and the employee of Plaintiff Igor Shabanets. The following facts are of my own personal knowledge and if called upon to do so as a witness, I could and would testify to the truth of the mattes stated herein.

2. On or about December 15, 2014, Defendant Dmitry Raskazov on behalf Karenta, LLC, a Russian Limited Liability Corporation and other shareholders Sergey Basylev, and Albert Popov visited Igor Shabanets at his house, located at 9694 Oak Pass Road. Beverly Hills, CA 90210-1232, for several days.

3. Purpose of that visit was to discuss the repayment plan by Karenta LLC., of a loan in the amount of approximately Ten Million US Dollars. That Karenta LLC., owned to East West Meat Trading LLC., US Corporation.

4. On or about December 15, 2014. Dmitry Raskazov and I were at the Igor Shabanets's house located at 9694 Oak Pass Road, Beverly Hills, CA 90210. We were sitting in the bar room of the house, where I have a home office set up. I was conducting some paper work and Mr. Raskazov was sitting next to me having one alcoholic beverage. Then Mr. Raskazov told me that Mr. Shabantes does not need to need any repayment or money, because he already has a beautiful house and family in America.

5. After approximately an hour of conversation Mr. Raskazov told me that It would me much more cost effective for Karenta LLC, Russia to pay a killer $10,000.00 US Dollars to kill Mr. Shabanets and his entire family and keep $10,000,000.00 in Karenta's LLC., Russia accounts.

6. I was frightened for the life of my employer Igor Shabanets and his family as well as my own. I called Mr. Shabanets and told him about this threat.

7. Mr. Shabanets and his family did not return home that day. They stayed in other location due to immediate danger. To my knowledge Mr. Shabanets made a police report.

I declare under penalty of perjury, under the Laws of the State of California that the foregoing is true and correct.

DATED: 06/23/2015

Michael Pisnoy

///